ALTMAN *v.* INDIANAPOLIS UNION RAILWAY
COMPANY.

[No. 13,922. Filed December 11, 1931.]

200

 

*Beckett & Beckett* and *Christian & Waltz*, for appellant.

*Baker & Daniels*, for appellee.

LOCKYEAR, J.—The complaint in this action alleges that the defendant was a railway corporation operating a railroad in the city of Indianapolis, Indiana; one Frank Altman was in the employ of the defendant and was engaged in operating a coal bucket or elevator on the premises of the appellee, and the work of elevating said coal bucket or shovel was controlled and operated by means of electric power; that the controller operating said bucket was at the bottom of a shaft about 30 to 40 feet high, and that decedent, at the bottom of said shaft, by means of an electric controller, raised and lowered said coal bucket. Appellant says that said controller was located against the south wall of a shaft and was about three to four feet in height, and that Altman, while operating said controller and doing said work, sat in a chair near the west wall of said chute and, when so operating said controller, faced the west; that on the west wall of said coal hoist or operator's shanty there were a large number of iron steam pipes about two inches in diameter, commencing at the floor and one above the other, extending horizontally from the floor of said hoist or shanty about two feet above said floor and about four feet long; while performing his duties in connection with raising and lowering said coal bucket in said hoist, he could conveniently and comfortably place his feet against said pipes when operating said controller while sitting in said chair.

That on the wall of said shanty or hoist, directly to the south of said controller stand, was located a circuit breaker; that said circuit breaker was used in the same direct circuit with said controller; that said circuit breaker was there and was used to break the electric circuit so as to stop 'the electric bucket at the top of said chute, if it was not otherwise stopped; that the said circuit breaker was used in connection with and as a part of the said controller system.

The appellant says that on the 20th day of August, 1926, decedent, Frank Altman, was sitting in said chair operating said coal bucket by means of said controller, and that the circuit breaker in connection with said controller became opened and knocked out and decedent attempted to replace or close the same with his left hand, and, in so doing, came in contact with exposed wires or studs attached to and in connection with said circuit breaker, and thereby received a fatal shock of electricity.

The appellant charges negligence on the part of the appellee in that it negligently failed to completely insulate certain wires and knobs and left certain wires and knobs uninsulated, and that it failed to ground the controller and circuit breaker, and said negligence was the cause of the death of said Frank Altman, for which appellant brings this action as administratrix.

The appellee filed an answer in general denial.

There was a trial before a jury with a verdict for the appellee, upon which verdict judgment was rendered against the appellant for costs.

The appellant filed a motion for a new trial, which was overruled, and the only error assigned is the action of the court in overruling said motion.

The reasons assigned in the motion for a new trial and discussed by the appellant in her brief under points and authorities are that the verdict of the jury is not

sustained by sufficient evidence and is contrary to law; also that the court erred in giving instructions numbers one and five.

No one saw how or in what manner the deceased met his death. He was found seated in a chair at his post of duty, slumped over forward, face downward, with his head partly out of the window in front of him. Marks and splotches were on the fingers of one hand and on one foot, which, witnesses said, indicated that he met his death from an electric current. The controller and circuit breaker were old and of antiquated pattern, and there was sufficient evidence from which a jury could have found that death resulted as alleged in the complaint, but there was evidence showing that he had an enlarged heart; that the deceased, a short time before said time, referring to his heart, said that he was afraid that his "ticker" was going to put him out of business.

There was expert medical evidence to the effect that there were no indications that he had died from an electric shock. There is competent evidence to uphold the verdict of the jury.

In Instruction Number One the court instructed the jury, "Unless you should believe from a preponderance of the evidence that said Frank Altman came in contact with said electrical current through negligence of the appellee, the Indianapolis Union Railway Company, then I instruct you that under the law of this state the plaintiff cannot recover, and your verdict should be for the defendant."

The attorney for the appellant puts a construction on the above language whereby he contends that in case the deceased touched the wire or part of the apparatus wherein there was an electric current, either by accident or otherwise, the jury were instructed to find

for the appellee. We do not think the language admits of that construction.

If the parts of the apparatus were properly insulated he could not have come in contact with the current, and, if it were not properly insulated and the deceased accidently touched the charged wire, then it would be caused by the negligence of the appellee, but in case he would knowingly and purposely touch an uninsulated charged wire there could be no recovery. There is, therefore, no error in said instruction, because there can be no recovery other than for appellee's negligence.

Instruction Number Five is as follows: "Since under the law of this state an inference cannot be raised from or based upon an inference, you as jurors in this case cannot under the law infer that plaintiff's decedent, Frank Altman, was at the time of his death in such a position as to make or form a grounded circuit through his body in the event his hand should come in contact with an electrical current, and upon or from that inference infer that the said Frank Altman at such time came in contact with an electrical current which passed through his body and resulted in his death."

If a party is in a position where he could have touched a live wire, it is not sufficient evidence to prove that he actually did come in contact with an electric current to show simply that he could have touched the wire.

Instruction Number Five is not erroneous.

Finding no reversible error, the judgment is affirmed.